UNITED STATES of America, Plaintiff–Appellee,

v.

$100,375.00 IN U.S. CURRENCY, Defendant,

Curtis McDonald, Appellant.

No. 94–6033.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 5, 1995.

Decided Nov. 28, 1995.

Edward Witt Chandler (argued and briefed), Memphis, TN, for Chris McDonald.

Before: LIVELY, RYAN, and SILER, Circuit Judges.

SILER, Circuit Judge.

Claimant Curtis McDonald appeals the judgment of forfeiture of money used in drug-related activities. A default judgment was entered by the court when counsel for McDonald was not diligent in pursuing the claim. McDonald does not claim that the court committed error in granting a default judgment, but he claims that he was denied his constitutional rights to effective counsel under the Sixth Amendment and to due process under the Fifth Amendment. For reasons stated herein, we reject both claims and **affirm** the judgment of the district court.

## I. BACKGROUND

In 1992, Drug Enforcement Administration (DEA) task force officers seized $100,375.00 in currency from Fernando McDonald at the Memphis Airport. In 1993, the United States proceeded by a complaint of forfeiture against the defendant currency under 21 U.S.C. § 881(a)(6). The complaint alleged that the currency was used or intended to be used in exchange for controlled substances, was the proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the federal narcotics laws.

Claimant was well represented in the early stages of the proceedings, because two attorneys filed answers and claims with the court. One answer was filed by attorney Randall Blake Tolley, and a second answer and claim were filed by attorney Kelvin A. Massey. There is no other indication in the record that Tolley made any further appearances, but he advised the court that he was withdrawing from the case on October 19, 1993, approximately four months after he filed the answer.

In the meantime, Massey failed to take any steps on behalf of McDonald. For instance, after he failed to appear at a scheduling conference on September 28, 1993, the court entered an order for both Massey and Tolley to appear and show cause why no

Stuart J. Canale, Asst. U.S. Attorney (argued), Melissa J. Long, Asst. U.S. Attorney (briefed), Memphis, TN, for U.S.

counsel attended the scheduling conference. That was when Tolley advised the court that he was withdrawing. Then, in February 1994, McDonald filed a motion for an extension of time within which to respond to the discovery requests of the government. That motion was granted, without a specific deadline to respond. Massey continued to delay any response to the discovery request. On March 11, 1994, the United States filed a motion for an extension of time to complete discovery, prior to conducting depositions, and that was granted on April 18, 1994. The United States made several other attempts to obtain discovery through Massey and was unable to complete discovery before the trial date. The trial had to be continued because of McDonald's failure to respond to the discovery requests. A pretrial conference was held on June 15, 1994, but Massey again failed to appear. The court contacted him by telephone, and a telephonic conference was conducted. Massey admitted he failed to provide discovery and respond to the inquiries by the government.

Finally, on June 16, 1994, the court continued the trial and reset the trial and pretrial dates. It ordered McDonald to respond to the discovery request by June 20, 1994, and advised him that failure to comply would result in the imposition of sanctions, including dismissal. After McDonald failed to provide discovery by June 20, 1994, default judgment was granted on motion by the United States. A subsequent motion by McDonald, under Federal Rule of Civil Procedure 60(b)(1) to set aside the default judgment, was denied. A supporting affidavit for the motion was filed, claiming that Massey could not attend the discovery conference due to an unspecified "medical crisis which required immediate attention" and failure of his staff to properly note it on the master calendar.

McDonald does not claim on appeal that the district court abused its discretion in entering the default judgment or in failing to set it aside. Instead, he claims that the judgment should be vacated or set aside because the default judgment was a violation of his Sixth Amendment rights to the effective assistance of counsel or his Fifth Amendment rights to due process or fundamental fairness.

## II.  RIGHT TO COUNSEL

McDonald claims that he had a right to effective assistance of counsel under the Sixth Amendment to the Constitution, inasmuch as a forfeiture proceeding is quasi-criminal in character. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965).

However, in *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Court stated that "[s]ome provisions of the Bill of Rights are expressly limited to criminal cases." *Id.* at ——, 113 S.Ct. at 2804. For example, it indicated that the Sixth Amendment protections are "explicitly confined to 'criminal prosecutions.'" *Id.* (citation omitted).

Similarly, in *United States v. 7108 West Grand Avenue*, 15 F.3d 632 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994), one of our fellow circuits held that the Sixth Amendment right to counsel did not apply in civil forfeiture proceedings. "If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either." *Id.* at 634 (citations omitted). We also find that the Sixth Amendment right to counsel does not apply to civil forfeiture proceedings.

In addition, "an ineffective assistance of counsel claim may not be raised on appeal for the first time when there is no proof of ineffective assistance of counsel in the record." *United States v. Nagi*, 947 F.2d 211, 214 (6th Cir.1991), *cert. denied,* 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992) (citations omitted). Here, the record shows that attorney Massey failed to provide discovery on several occasions and failed to appear at a discovery conference, because of some medical problem. On its face, it looks as if the attorney failed to do something that he should have done, but the record is not clear as to whether the failure of discovery was due to something that McDonald did, or that Massey did. In addition, we do not know what the medical emergency was that

prevented his attendance at the discovery conference. Of course, when a person has been convicted in a criminal action in federal court, he may raise the issue of ineffective assistance of counsel by means of a collateral attack under 28 U.S.C. § 2255. However, that applies only to a person who has been sentenced and is in custody. The remedy here for McDonald is applicable to other litigants in civil cases where they claim that counsel was negligent: proceed in a malpractice action against counsel.

### III. FIFTH AMENDMENT RIGHTS

■ McDonald also claims that his rights under the Fifth Amendment to the Constitution were violated because he was denied due process or fundamental fairness in the taking of the money which he claims was his property.

■ This issue also was not raised before the district court. Ordinarily, we "will not address issues on appeal that were not raised and ruled upon below," *Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 194 (6th Cir.1992), but we may address such an issue "in exceptional circumstances." *Id.* No exceptional circumstances have arisen here, because it is a case in which the claimant asserts that his attorney was negligent in his representation. The Due Process Clause of the Fifth Amendment applies to governmental actions, not the conduct of retained counsel. There is nothing fundamentally unfair with the process accorded in the district court, inasmuch as it entered default judgment after McDonald's counsel failed to provide discovery.

We find this claim was not properly preserved for appeal. However, assuming it was properly presented before this court, the issue is without merit.

**AFFIRMED.**