**Michael A. OLIVER; Terry Stogdill; William Hatmaker, Plaintiffs–Appellants,**

**Richard Jones, Plaintiff,**

**v.**

**Don SUNDQUIST, Governor; John K. Walkup, former Tennessee Attorney General; Donal Campbell, TDOC Commissioner; David Mills, Warden, Defendants–Appellees.**

No. 00–6372.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before GUY, BOGGS, and GILMAN, Circuit Judges.

Michael A. Oliver, Terry Stogdill, and William Hatmaker appeal a district court order dismissing their civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 22, 1999, Oliver, Stogdill, Hatmaker, and Richard Jones ("plaintiffs"), filed a complaint against Don Sundquist, governor of the State of Tennessee; John Knox Walkup, former Tennessee Attorney General; Donal Campbell, commissioner of the Tennessee Department of Corrections ("TDOC"); and David Mills, warden of the Brushy Mountain Correctional Complex, where the plaintiffs are incarcerated. The plaintiffs alleged that they make arts and crafts and derive income from the sale of their wares. However, pursuant to Tennessee law and TDOC policy, a portion of the amount received from the sale of their wares is collected by the TDOC and distributed to various funds in accordance with TDOC policy. Dissatisfied with the operation of the inmate-produced arts and crafts legislation, the plaintiffs challenged the constitutionality of the legislation on a number of grounds.

The defendants filed a motion to dismiss the plaintiffs' complaint, to which the plaintiffs responded. On September 28, 2000, the district court dismissed the plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). Oliver, Stogdill, and Hatmaker filed a timely appeal. Jones did not join in the appeal of this matter.

We review de novo a district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 205 F.3d 906, 909 (6th Cir.2000); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord Decker,* 205 F.3d at 909.

■ Upon review, we conclude that the district court properly dismissed the plaintiffs' complaint. *See Decker,* 205 F.3d at 909. The plaintiffs failed to state a claim for relief under the Fifth and Fourteenth Amendments because they have no constitutionally cognizable liberty or property interest in the entire proceeds from the sale of their arts and crafts. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Pusey v. City of Youngstown,* 11 F.3d 652, 656 (6th Cir.1993). The plaintiffs' Fourth Amendment claim fails because they have no reasonable privacy interest in the proceeds from the sale of their arts and crafts and the collection of proceeds was not arbitrary. *See Hudson v. Palmer,* 468 U.S. 517, 527–28, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Camara v. Mun. Court of San Francisco,* 387 U.S. 523, 528, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). The plaintiffs failed to state a claim under the Ex Post Facto Clause since the state statute and policy at issue do not increase their sentences or impose additional punishment upon them. *See*

*Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). Moreover, ex post facto considerations are simply not present in civil contexts. *Wilson v. Yaklich,* 148 F.3d 596, 606 (6th Cir.1998).

 The plaintiffs failed to state an Eighth Amendment claim. The arts and crafts legislation does not deprive the plaintiffs of life's necessities and does not constitute an excessive fine, as the plaintiffs are not forced to sell their arts and crafts. *See Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Furthermore, because the plaintiffs failed to allege a physical injury, their Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e). *See Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 807 (10th Cir.1999); *Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir.1999). The plaintiffs failed to state a due process claim based upon the state's alleged failure to follow its own attachment, garnishment, and forfeiture procedures. The state's failure to follow state laws regarding execution of judgments when implementing the arts and crafts legislation does not implicate due process concerns. *See Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993), *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99, 111, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995).

While the plaintiffs contend, on appeal, that the district court erred by denying their motions to proceed in forma pauperis, they did not challenge the denial of pauper status below. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir. 1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994).

No exceptional circumstances exist in this case.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.