Carla JACKSON, Plaintiff–Appellant,

v.

METROPOLITAN LIFE; LOCKHEED MARTIN ENERGY SYSTEMS, INC., Employee Benefit Plan, Defendants–Appellees.

No. 01–5028.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

## ORDER

Pro se Tennessee resident Carla Jackson appeals a district court judgment that dismissed her civil action seeking long-term disability benefits under an employee welfare benefit plan governed by the provisions of the Employee Retirement In-

come Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

On November 22, 1999, Jackson filed suit against the defendants, claiming that they had improperly denied her claim for long-term disability benefits. In the complaint, Jackson alleged that she was an employee of Lockheed Martin Energy Systems of Oak Ridge, Tennessee, from 1986 until she quit her job as a secretary on July 14, 1997, because she was totally disabled by chronic upper respiratory infections and a gastrointestinal disorder. Metropolitan Life denied Jackson's claim for long-term disability benefits.

In an order entered on November 30, 2000, the district court granted the defendants' motion for judgment on the administrative record.

In her timely appeal, Jackson argues that the district court erred in granting judgment in favor of the defendants because: (1) Metropolitan Life was acting under a conflict of interest when it denied her claim for long-term disability benefits; (2) the district court should have relied primarily on the opinion of her treating physician, as is done in social security cases; and (3) the defendants were required to provided her with an independent medical examination before denying her claim for benefits.

█ For the first time on appeal, Jackson seeks to raise claims: (1) that the district court's decision was somehow tainted by a conflict of interest because the district court clerk was an employee of Lockheed until four months before the dis-

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

trict court entered judgment against her, and (2) that Lockheed breached a contractual duty to help her obtain social security disability benefits and to pay her a severance package. Jackson suggests that Lockheed's alleged breach of contract amounts to further evidence for this court to consider. Unless exceptional circumstances are present, issues which were not raised in any form and ruled upon in the district court are not properly before this court. *See United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir. 1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. We note that Jackson points to no record evidence that any conflict in the clerk's office had any affect on her case.

■■■ We review de novo the district court's judgment on the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 613 (6th Cir.1998). The plan administrator's decision is reviewed under the "arbitrary and capricious" standard. *Borda v. Hardy, Lewis, Pollard & Page, P.C.,* 138 F.3d 1062, 1066 (6th Cir.1998). Under this standard, determinations made by the plan administrator must be upheld if they are deemed to be rational in the light of the plan's provisions. *Id.* at 1065. Furthermore, the "arbitrary and capricious" standard is the least demanding review of an administrative action. *See Davis v. Kentucky Fin. Cos. Ret. Plan,* 887 F.2d 689, 693 (6th Cir.1989). Therefore, when it is possible to offer a reasoned explanation for a plan administrator's decision based upon the evidence, that decision is not arbitrary and capricious. *See id.*

■■■ Jackson's claim that Metropolitan Life made its decision under a conflict of interest does not rise to the level of showing that the decision in her disfavor was arbitrary or capricious. The existence of a conflict of interest shapes the application of, but does not change, the "arbitrary and capricious" standard of review. *See Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 984 (6th Cir.1991) (citing *Brown v. Blue Cross & Blue Shield of Alabama,* 898 F.2d 1556, 1561–63 (11th Cir.1990)). Mere allegations of the existence of a structural conflict of interest are not enough to show that the denial of a claim was arbitrary; there must be some evidence that the alleged conflict of interest affected the plan administrator's decision to deny benefits. *Peruzzi v. Summa Med. Plan,* 137 F.3d 431, 433 (6th Cir.1998).

Jackson has claimed nothing more than an inherent, structural conflict of interest. She points to no evidence indicating that the plan administrator's decision to deny her benefits was influenced by a specific conflict or bias. Because a review of the record reveals no evidence that Metropolitan Life based its denial of benefits on the costs associated with Jackson taking long-term disability, the question remains whether the denial of benefits was unreasonable under the circumstances.

■■■ The district court correctly concluded that Metropolitan Life's decision to deny benefits was not arbitrary and capricious in the light of the medical record. *See Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 555 (6th Cir.1998) (en banc); *Miller,* 925 F.2d at 983. As noted by the district court in its thorough compilation of Jackson's medical history, only Dr. Hembree, Jackson's treating physician, has suggested that Jackson is unable to do sedentary work. Jackson argues that her treating physician's opinion should outweigh the record findings that her conditions are nonexistent, controlled by medication, correctable by surgery, or not disabling. She asks the court to look to the law governing social security disability cases for guidance. The district court assumed, arguen-

do, that the social-security presumptions regarding treating physicians should be applied to Jackson's case; nevertheless, the court concluded that–with these presumptions applied–the decision to deny Jackson disability benefits was still not arbitrary and capricious.

■ A treating physician's opinion is not entitled to greater. weight in the ERISA context. *See Delta Family–Care Disability & Survivorship Plan v. Marshall,* 258 F.3d 834, 841 (8th Cir.2001) (stating that the district court incorrectly reasoned that the plan administrator should have accorded greater deference to the opinions of beneficiary's treating physicians).

Nevertheless, giving Jackson the benefit of the review she requests, the district court did not err in rejecting the treating physician's conclusory opinion that Jackson could not work again. In the Social Security context, as a general matter, "the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988) (citations omitted). Nevertheless, the opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings. *Houston v. Sec'y of Health & Human Servs.,* 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 927 (6th Cir.1987).

In Jackson's case, there is substantial medical evidence that contradicts the treating physician's conclusion that Jackson could not work. Dr. Hembree himself concluded that Jackson would be unable to work only five out of thirty days. Jackson suffers primarily from a hiatal hernia and GastroEsophageal Reflux Disease ("GERD"), a disorder in which there is recurrent return of stomach contents back up into the oesophagus, frequently causing heartburn. She also complained of migraines, pneumonia, and weakness. Dr. Hembree referred Jackson to a cardiologist, pulmonologist, and a gastroenterologist, none of whom found a disabling condition. Dr. Hembree himself noted that these specialists were the best resource to answer questions regarding the severity of Jackson's heart, lung, and stomach complaints.

■ The decisionmaker in the social security context is not bound by the opinion of a treating physician when the opinion is contradicted by objective medical evidence. *Cohen v. Sec'y of Health & Human Servs.,* 964 F.2d 524, 528 (6th Cir.1992). Furthermore, the decisionmaker is also not required to accept a treating physician's conclusory opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e)(1). Giving Jackson the benefit of the presumptions in the Social Security context, the medical evidence supports a finding that Metropolitan Life's decision was not arbitrary and capricious.

■ Finally, Jackson claims that the arbitrariness and capriciousness of Metropolitan Life's denial of benefits is self-evident from the fact that she has not received an independent medical examination regarding her claims of a disabling condition. Jackson cites to no authority for the proposition that Metropolitan Life was required to conduct an independent medical examination before denying her claim for benefits. The need for an independent medical examination is a case-specific matter and that issue is subsumed by the question whether the decisionmaker was reasonable. *Cf. Woo v. Deluxe Corp.,* 144 F.3d 1157, 1161–62 (8th Cir.1998) (holding that, when confronted with an uncommon

disease, the decisionmaker's failure to seek the opinion of an independent medical expert triggered higher scrutiny of the denial of benefits).

In Jackson's case, the opinions of the treating specialists in the medical record provided adequate independent medical findings to support the denial of benefits. As noted above, Jackson did not present any evidence of a specific conflict of interest that altered the standard of review, and unlike the claimant in *Woo*, Jackson's ailments were treated by several experts and did not involve rare or uncommon afflictions.

For the foregoing reasons, the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.