**Anthony Steven HOPSON, Sr.,**
**Plaintiff–Appellant,**

v.

**PROTEIN TECHNOLOGIES**
**INTERNATIONAL, Defendant–**
**Appellee,**

**Ralph Tognetti; Ken Carnahan,**
**Defendants.**

No. 01–5428.

United States Court of Appeals,
Sixth Circuit.

March 22, 2002.

Before SILER and GILMAN, Circuit Judges; HEYBURN, District Judge.[*]

*ORDER*

Anthony Steven Hopson, Sr., a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his employment discrimination action filed pursu-

---

[*] The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

ant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Hopson filed a complaint on September 15, 1999, against Protein Technologies International, his former employer; Ralph Tognetti, Protein's plant manager; and Ken Carnahan, Protein's general production manager. Hopson was formerly employed by Protein as a warehouseman. On March 19, 1998, Hopson voluntarily resigned due to his inability to perform all of the duties of his position. Hopson alleged, however, that Protein forced him to voluntarily resign in retaliation because he had previously engaged in Equal Employment Opportunity activity. Hopson had filed a complaint alleging race discrimination with the Equal Employment Opportunity Commission ("EEOC") in October of 1995.

Hopson pursued a retaliation claim with the EEOC following his voluntary resignation. On June 17, 1999, the EEOC dismissed Hopson's charge and issued a right-to-sue letter.

In an order filed on September 21, 1999, the district court dismissed Hopson's claims against Tognetti and Carnahan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Protein filed a motion for summary judgment, to which Hopson did not respond. The district court subsequently granted Protein's motion and dismissed the case. Hopson appeals.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title VII retaliation cases are analyzed in accordance with the burden-shifting analysis espoused in *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Barnett v. Dep't of Veterans Affairs,* 153 F.3d 338, 343 (6th Cir.1998). The plaintiff must first prove a prima facie case of retaliation. *Burdine,* 450 U.S. at 252–53; *McDonnell Douglas,* 411 U.S. at 802. In order to establish a prima facie case of retaliation, the plaintiff must show that: 1) he engaged in protected activity; 2) his employer knew of the protected activity; 3) he was subjected to an "adverse employment action"; and 4) a causal connection exists "between the protected activity and the adverse employment action." *Hafford v. Seidner,* 183 F.3d 506, 515 (6th Cir.1999).

Once the plaintiff proves a prima facie case of retaliation, the burden shifts to the defendant to produce "some legitimate, nondiscriminatory reason" for the adverse employment action. *Burdine,* 450 U.S. at 253 (quoting *McDonnell Douglas,* 411 U.S. at 802). If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful retaliation. *See Burdine,* 450 U.S. at 253; *McDonnell Douglas,* 411 U.S. at 804.

Upon review, we conclude that the district court properly granted summary judgment in favor of Protein. Hopson did not establish a prima facie case of retaliation, and, in any event, failed to present evidence that the legitimate non-discriminatory reason presented by Protein for requiring him to voluntarily resign was

pretextual. *See Burdine,* 450 U.S. at 252–53; *McDonnell Douglas,* 411 U.S. at 804.

Hopson's contentions that the district court improperly sua sponte granted summary judgment to Protein without affording him an adequate opportunity for discovery are without merit. First, the district court did not sua sponte grant summary judgment to Protein. Second, Hopson did not request additional time for discovery or otherwise alert the district court, through an affidavit as required by Fed.R.Civ.P. 56(f), that additional time for discovery was needed prior to the district court's judgment. *See Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000).

■■■■ To the extent that Hopson raises a claim for disability discrimination in his appellate brief, we decline to address such claim because it was not asserted below. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir.1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.