Carolyn **HENDROCK**, Plaintiff–Appellant,

v.

Ricky **GILBERT**, Officer, Defendant–Appellee.

No. 03–3181.

United States Court of Appeals, Sixth Circuit.

June 17, 2003.

Before: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

*ORDER*

Carolyn Hendrock, proceeding pro se, appeals a district court judgment dismissing her civil action pursuant to the provisions of 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 22, 2002, Hendrock filed a complaint against Ricky Gilbert, a police officer employed by the City of Cleveland, Ohio. The complaint, in its entirety, simply stated:

> Physcially [*sic* ] Beaten by Ricky Gilbert Badge 499
>
> /s/ Carolyn Hendrock
>
> Jan 17, 2001
>
> Kept in traffic court
>
> for over year

Illegal Procedures in court and made a, movie that was a complete lie in that time Justice & money for injuries and, money for Pain & agony and fear

Attached to the complaint were numerous documents, including documents related to a municipal court proceeding involving Hendrock, handwritten notes, Hendrock's medical records, a release form for Hendrock's impounded vehicle, a letter written by Audrey Elaine Alessi, two Ohio motor vehicle registration cards for Hendrock's vehicles, and a copy of a traffic ticket issued to Hendrock.

The district court granted Hendrock's motion to proceed in forma pauperis and dismissed her complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). Hendrock has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986).

Upon review, we conclude that Hendrock's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Hendrock's complaint was vague, conclusory, and contained no factual allegations upon which a valid federal claim may rest. Thus, even under the most liberal construction, Hendrock's complaint did not state a claim for relief.

We decline to address Hendrock's claim on appeal that she was denied her constitutional and civil rights during traffic court proceedings because it was not asserted below. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir.1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d

997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.