Douglas ELROD, Plaintiff–Appellant,

v.

MICHIGAN SUPREME COURT, et al., Defendants–Appellees.

No. 03–2143.

United States Court of Appeals, Sixth Circuit.

July 2, 2004.

Douglas Elrod, Adrian, MI, pro se.

Patrick J. O'Brien, Asst. Atty. General, Office of the Attorney General, Public Employment & Elections Division, Lansing, MI, Thomas W. Cranmer, Matthew F. Leitman, Miro, Weiner & Kramer, Bloomfield Hills, MI, for Defendants–Appellees.

Before: NORRIS, COLE, and ROGERS, Circuit Judges.

## ORDER

Douglas Elrod, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant .to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

argument is not needed. Fed. R.App. P. 34(a).

On October 8, 2002, Elrod filed a complaint against the Michigan Supreme Court (MSC), the Michigan Attorney Grievance Commission (AGC), the Michigan Judicial Tenure Commission (JTC), Attorney Joseph J. Farah, MSC Clerk Corbin R. Davis, and JTC Executive Director and General Counsel Paul J. Fischer. Elrod alleged that he retained Farah to defend him against criminal charges that had been filed against him. Following an unfavorable outcome in the criminal proceeding, Elrod became dissatisfied with Farah's representation and filed a "Request for Investigation" of Farah with the AGC. The AGC forwarded Elrod's request for investigation to the JTC since Farah had become a judge. Following an investigation of Elrod's complaint, the JTC determined "that there is no basis on which to file a formal complaint or take any other action against" Farah. Elrod filed a delayed application for leave to appeal the JTC's decision in the MSC, but Davis returned the application as "unacceptable for filing" and informed Elrod that the MSC does not "entertain such complaints or actions." Elrod filed a petition for a writ of certiorari, which the United States Supreme Court returned to him because the Court did not consider the MSC letter authored by Davis to be an appealable order.

Elrod alleged that Farah's "own interests (to become a judge) had an adverse effect on [Farah's] competent representation" during his criminal proceeding and that Farah deprived him of his property when Farah failed to return $6,000 of the fee that he had paid in order to retain Farah. Elrod also alleged that Farah conspired with the other defendants to deny Elrod access to the courts in order to redress his grievances against Farah. Elrod sought monetary and declaratory relief.

On October 30, 2002, the district court dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, Elrod's claims against the MSC, the AGC, and the JTC, and all of Elrod's claims against Davis and Fischer, with the exception of those that sought prospective relief. Thereafter, Farah filed a Fed.R.Civ.P. 56(c) motion for summary judgment and Davis and Fischer filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss, to both of which Elrod replied. A magistrate judge filed two reports in which she recommended granting the defendants' motions. Over Elrod's objections, the district court adopted the magistrate judge's recommendations and granted the defendants' motions. Elrod has filed a timely appeal.

We review de novo the district court's grant of summary judgment in favor of Farah. See Lanier v. Bryant, 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly granted Farah's motion for summary judgment. As an attorney, Farah was not a state actor subject to liability under § 1983. See Catz v. Chalker, 142 F.3d 279, 289 (6th Cir.1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, Dennis v. Sparks, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Elrod offered no factual support or evidence upon which a conspiracy could be based.

■ Although the motion to dismiss filed by Davis and Fischer invoked Fed. R.Civ.P. 12(b)(6), the district court dis-

missed Elrod's complaint against Davis and Fischer under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. We review de novo the district court's dismissal of Elrod's complaint against Davis and Fischer for lack of subject matter jurisdiction. *See Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

▇ Upon review, we conclude that the district court properly dismissed Elrod's complaint against Davis and Fischer for lack of subject matter jurisdiction. The *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction in this case because Elrod's complaint sought federal court review of state attorney disciplinary proceedings and was essentially an attempt to obtain unauthorized federal review of the JTC's decision. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Blanton v. United States,* 94 F.3d 227, 233–34 (6th Cir.1996). Elrod's effort to avoid application of the *Rooker–Feldman* doctrine by arguing the invalidity of the Michigan Court Rules pursuant to which Davis and Fischer allegedly acted fails because Elrod did not present this issue to the district court. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *See United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir.1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

▇ Elrod has waived appellate review of the district court's October 30, 2002, order of partial dismissal and his property deprivation claim against Farah because he challenges neither the October 30, 2002,

order nor the dismissal of his property deprivation claim on appeal. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.