**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0069n.06
Filed: November 4, 2004

No. 03-4181

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

               On Appeal from the
  v.             United States District Court for
               the Northern District of Ohio

OCEANUS PERRY,
  *Defendant-Appellant.*

_____/

Before: KENNEDY, GILMAN, Circuit Judges; HOOD, District Judge[*]

**Kennedy, J.** A jury convicted Defendant Oceanus Perry of one count of armed bank robbery under 18 U.S.C. § 2113(a)(d) and one count of using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(II). Both charges stemmed from a bank robbery of Bank One in Liberty, Ohio on January 26, 2002. Defendant was indicted on both counts on March 12, 2002 after having been arrested on February 8, 2002. His trial began on April 28, 2003. Defendant appeals four issues. First, he claims that insufficient evidence exists to support either conviction. Second, he claims that the weight of the evidence does not support his conviction. Third, he claims that his indictment and trial suffered from violations of the Speedy Trial Act. Finally, he claims that the trial court made several evidentiary errors. Because we

_____

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

find no errors in defendant's conviction or sentence, we **AFFIRM** the judgment of the district court.

## BACKGROUND

At trial, the defendant was identified by one of the Bank One tellers as the perpetrator of the crime. The teller who was robbed selected defendant from a photographic spread a few days after the robbery, but could not identify him at trial fifteen months later. The defendant was further identified by a teller at another bank, the Metropolitan Bank, a short distance from Bank One, where the defendant attempted to use his mother's ATM card minutes before the robbery at Bank One occurred. The teller at the second bank identified him after police broadcast a description of the Bank One robber on the nightly news. Police found the ATM card in question in defendant's possession. Defendant had access to his mother's card and evidence indicated that the defendant used it at Ohio State where he attended school.

Finally, the police found a gun in the room of a friend's apartment at which defendant was staying. Police arrested Defendant in that apartment. The gun had a red coloring on it similar to the color of the dye contained in the dye pack the teller gave to the robber. According to the testimony of the teller, the defendant placed the gun in a black shoulder bag, along with the money and the dye pack. Finally, the government's expert found that money found in the parking lot of Bank One as well as the gun in defendant's room had red dye MRAQ and CS tear gas in a combination that is unique to bank dye packs.

## ANALYSIS

A. **The evidence provided at trial was sufficient for the jury to convict the defendant.**

In reviewing the sufficiency of the evidence, we must, after reviewing the evidence in a light most favorable to the prosecution, determine whether any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992).

In this case, a rational trier of fact could have found, beyond any reasonable doubt, the essential elements of the crimes. To be convicted of armed bank robbery under § 2213(a)(d), a defendant must, under part (a): take something of value, owned or under the control of a bank, by threat of force or intimidation, from another person. Under part (d) that person must commit the offense described in (a) through an assault, or by putting the life of someone else in jeopardy through the use of a dangerous weapon or device. Here, a jury could find that defendant took money, belonging to or under the control of Bank One, from the teller by threat of force or intimidation. They could find these elements because the evidence indicated that the teller was threatened with a gun and that she was intimidated into giving the defendant money that was owned or under the control of Bank One. Furthermore, the presence of a gun in any bank robbery puts someone's life in jeopardy. Sufficient evidence therefore exists for a jury to convict defendant of armed bank robbery.

Section 924(c)(1)(A)(ii) sets a minimum sentence of seven years if a firearm is brandished during the commission of a crime of violence. Here, testimony indicated that defendant brandished his gun. The teller who was robbed accurately described and identified the gun in question. Finally, armed bank robbery is a crime of violence. There was sufficient evidence to convict defendant of this second crime.

**B.      The conviction was not against the weight of the evidence.**

Defendant argues that the district court abused its discretion when it denied his motion for a new trial. In that motion, defendant argued that the verdict was against the manifest weight

3

of the evidence. We review the district court's denial of defendant's motion for an abuse of discretion. *Woodbridge v. Dahleberg*, 954 F.2d 1231, 1234 (6th Cir. 1990). The district court, in weighing the evidence must compare the opposing proofs and set aside the verdict if it is convinced that it is against the clear weight of the evidence. *Id.* It should deny the motion if the jury reached a verdict that could have reasonably been reached. *Id.*

In this case, although the district court did not provide a written opinion, nor did it provide any indication on the record as to why it denied the motion, we cannot say that the district court abused its discretion in denying defendant's motion. As discussed above, there was evidence of defendant's guilt and a reasonable jury could easily have used the ample evidence, including the eye witness identification, the presence of a red substance on the gun, the independent photographic line-up identifications, as well as the corroborating ATM transaction in reaching the conclusion that defendant did, indeed, rob Bank One. Therefore the district court did not abuse its discretion in denying defendant's motion.

**C.      No Speedy Trial Act violations occurred.**

Defendant argues that the government failed to indict him within thirty days of his arrest as required by 18 U.S.C. § 3161(b). Defendant also alleges that the government failed to bring him to trial within seventy days of his indictment as required by 18 U.S.C. § 3161(C)(1). The district court addressed the arguments raised by defendant concerning his Speedy Trial Act claims in a Memorandum and Order filed on May 3, 2003. Apx. p. 60. It found both claims to be without merit. Because we find no error in the district court's consideration of both issues, we adopt the reasoning of the Memorandum and Order as our own.

4

We note that it was the defendant who demanded four different lawyers before the case began. There is no indication that the government or the district court engaged in any undue delay or was, at any time, unprepared to try the case. Any blame for delay in this trial rests almost solely with the defendant.

**D.     Defendant waived his other objections.**

Because Defendant did not make an objection to the entry of either the red dye evidence or the testimony of Christina Will concerning the gun during his trial, we will not consider these objections. Under the rule of this Circuit, we will only address issues not properly preserved for appeal in exceptional circumstances or where application of the rule would result in a plain miscarriage of justice. *United States v. $100,375.00 in United States Currency*, 70 F.3d 438, 441 (6th Cir. 1995).

We find no such exceptional circumstances here, nor would a miscarriage of justice result from our declining to rule on either of these questions. The evidence upon which defendant's conviction rests is sound. The objections to that evidence, made by defendant, distort the record. The fact that the government did not prove that the red substance found on defendant's gun was from the same dye pack given to the robber is irrelevant. The fact that a red substance was on the gun was circumstantial evidence of the defendant's guilt and was thus likely to be highly relevant and not so prejudicial as to require its exclusion. Additionally, the government did provide evidence (albeit contested evidence) that the red substance likely came from a Bank One dye pack. Similarly, the failure of the teller who was robbed to identify the defendant as the robber at trial (fully 15 months after the incident) is of no moment. She identified him in a photographic spread a few days after the crime. Furthermore, the defendant was identified by

5

another witness to the crime during the trial.  Therefore, because no clear injustice would result from our declining to rule on the admissibility of the evidence in question, we decline to do so.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.