**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0070n.06
Filed: November 5, 2004

No. 03-4267

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JAMES H. SURFIELD,
    *Plaintiff-Appellee,*

        v.

*L.G. Phillips Displays USA, Inc.*,
    *Defendant-Appellant*.

On Appeal from the
United States District Court for
the Northern District of Ohio

_____/

Before: KENNEDY and GILMAN, Circuit Judges; HOOD, District Judge[*]

**Kennedy, J.** Plaintiff James H. Surfield brought suit against his former employer L.G. Phillips Displays USA, Inc. ("defendant") seeking to recover the alleged full amount of his pension and seeking damages for alleged retaliation and age discrimination. On appeal, plaintiff challenges the district court's summary judgment decision in favor of the defendant on all of his claims. In addition, plaintiff raises an additional claim related to his severance benefits not discussed in the district court's order.

**BACKGROUND**

Plaintiff premises his pension claims on purported promises by agents of defendant to "bridge" his pension from a former employer, GTE, to defendant. The plant at which defendant hired plaintiff had been purchased from GTE at an earlier date and employees employed at the plant

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

at the time of the purchase received credit under the defendant's pension plan for their time as GTE workers. Plaintiff interviewed and was offered a position in June of 1989.

Plaintiff alleges that before he was hired by defendant, he was told orally by a corporate recruiter "they have agreed to give you your time" (meaning that his time as a GTE employee would count toward his Phillips pension) and that after he worked for Phillips for six months "they will bridge your time." Plaintiff had had two offers from other GTE plants that would have bridged his time as he was a current GTE employee. Plaintiff did not raise the pension issue during meetings with defendant's managers before he was hired. The letter offering plaintiff employment did not mention bridging plaintiff's benefits. The letter provided details on plaintiff's salary and benefits. However, based on the corporate recruiter's assurances, plaintiff took defendant's offer.

After working at the new plant for six months, plaintiff enquired about "bridging" his GTE service for pension purposes. He was told that his GTE service could only be bridged for the purpose of computing his vacation time. Defendant did, from time to time, notify plaintiff that "bridging" of his GTE service might occur, but those messages were never consistent and in some cases were contradictory.

In 2000, defendant announced the closing of the facility where plaintiff worked. In 2002, plaintiff pursued the pension bridging issue further and wrote to defendant's Personal Access Center for Employees ("PACE") which administered defendant's pension plan. Plaintiff requested that PACE recognize his GTE service for purposes of his pension benefits calculation under the plan. PACE notified the plaintiff that it could not recognize his service because no documentation existed that defendant had agreed to bridge plaintiff's GTE pension. Additionally, PACE indicated that the

2

pension plan did not permit recognition of plaintiff's GTE service because he did not transfer over with other GTE employees when defendant bought the plant.

Plaintiff also argues that defendant retaliated against him by terminating him earlier than it otherwise would have because he sought enhanced pension benefits. He also argues that defendant discriminated against him on the basis of his age when defendant did not choose him to be part of the "Stay-On-Team" that was responsible for winding up work at the soon-to-be-closed facility.

## ANALYSIS

**A.** **The district court's opinion sufficiently addressed all arguments raised on appeal related to plaintiff's state law pension, retaliation, and age discrimination claims.**

Plaintiff appeals all of the district court's rulings on the summary judgment motion, including the finding by the district court that ERISA preempts plaintiff's promissory estoppel and fraudulent inducement claims, that those claims fail on their own merits, and that both his retaliation and age discrimination claims fail. Because we find no error in the district court's opinion, we affirm it based on the grounds stated in that opinion.

**B.** **Plaintiff waived his claim on severance benefits by not mentioning it in his memorandum in opposition to summary judgment.**

Both parties agree that plaintiff did not raise his severance benefits question in his memorandum in opposition to the defendant's summary judgment motion. Appellee Br. p. 25; Appellant Rep. Br. p. 3-4. Also, both parties agree that, under our general rule, plaintiff waived this argument. Appellee. Br. p. 25; Appellant Rep. Br. p. 3-4. Plaintiff, however, asserts that we should address his arguments anyway because his waiver is excused by the exceptional-circumstances rule. Appellant Rep. Br. p. 4-5. As a general rule, the Sixth Circuit does not address arguments not raised

3

before the district court. *United States v. $100,375.00 in United States Currency*, 70 F.3d 438, 441 (6th Cir. 1995). However, we will address waived issues if exceptional circumstances exist or where the application of the general rule would result in a plain miscarriage of justice. *Id.* Within that limited area of discretion, if "the issue is presented with sufficient clarity and completeness and its resolution will materially advance the progress of this . . . litigation, we should address it." *Pinney Dock & Transp. Corp., v. Penn. Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988).

We do not believe that a plain miscarriage of justice would result from denying plaintiff's request to remand this issue to the district court. Nor do the appellate briefs present the severance benefits issue with the requisite clarity and completeness to allow us to address the legal arguments, as plaintiff asks us to do. Therefore, we decline to address this question and deem plaintiff's argument waived.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.