COOK, Circuit Judge.
Plaintiff Allstate Insurance Company (“Allstate”) appeals from the district court’s order dismissing Allstate’s complaint against Defendant LG&E Energy, LLC (“LG&E”). We affirm.
Over three years ago, as the result of a severe ice storm, debris fell on James Lindsey’s property in Lexington, Kentucky, causing the power to his home to go out. When the power was restored, Lindsey’s home caught fire due to the unrepaired storm-damage to his home’s electrical system. Lindsey filed a claim with Allstate, his property insurer, and Allstate paid almost $300,000 to Lindsey. Allstate, as subrogee of Lindsey, then filed a complaint against LG&E, whom it figured to be Lindsey’s electric company, claiming that LG&E’s negligence caused the dam *313 age to Lindsey’s property and seeking damages for the amount it paid to Lindsey.
On May 20, 2005, LG&E both answered Allstate’s complaint and filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), attaching an affidavit from John P. Fendig (the “Fendig affidavit”), a senior corporate attorney for LG&E, to its motion to dismiss. Fendig’s affidavit denied a role in the accident as follows:
[A]t no time during the ice storm ..., or at any other time, has LG&E Energy LLC provided any electrical power in Fayette County, Kentucky; owned any transmission or distribution system for electricity in Fayette County; had its employees inspect properties in Fayette County, Kentucky, or caused electrical power to be restored to any properties in Lexington, Fayette County, Kentucky.
Allstate did not respond to LG&E’s motion. Instead, some twenty-seven days later, Allstate filed a motion for leave to file an amended complaint that proposed adding Kentucky Utilities (“KU”) as a defendant with a count of negligence against KU based “[u]pon information and belief, [that KU] is a wholly owned subsidiary of LG&E Energy.” The following day, the district court granted LG&E’s motion to dismiss and denied all pending motions as moot.
Three weeks later, Allstate filed a “Motion for Relief from the Court’s Order Granting Defendant’s Motion to Dismiss,” pursuant to Fed.R.Civ.P. 60(b)(1), arguing that excusable neglect of counsel caused its failure to respond to LG&E’s motion. But the district court never considered the merits of the excusable-neglect claim because just three days into the pendency of the Rule 60(b) motion, Allstate appealed the dismissal order, thereby depriving the court of further jurisdiction. Accordingly, the district court dismissed the Rule 60(b) motion. Allstate appeals only from the order dismissing its complaint.

Summary Judgment Rather than 12(b) Dismissal

Given its reliance on the Fendig affidavit in dismissing the complaint, the district court necessarily “treated [the motion] as one for summary judgment and disposed of [it] as provided in Rule 56.” Fed.R.Civ.P. 12(b). We thus review the dismissal de novo, asking whether Allstate’s undefended complaint should have withstood LG&E’s motion. Brannam v. Huntington Mortgage Co., 287 F.3d 601, 603 (6th Cir.2002). We take each of Allstate’s arguments in turn, evaluating whether any establishes a genuine issue of material fact for trial.

Allstate’s Reasons Supporting Reversal of Summary Judgment

Allstate’s opening briefs first argument concedes “that the issues raised in its Motion to Amend and supporting Memorandum were better suited to a Response” to LG&E’s dismissal motion, and further concedes “that a Response ... was not filed within the 15-day period allowed by [the local court rule].” Allstate goes on to urge that we nevertheless find its excusable neglect warrants reversal and remand for trial. The issue of excusable neglect in this case was cognizable in the context of Fed.R.Civ.P. 60(b)(1). But because the district court never considered the 60(b)(1) issue — whether Allstate’s failure to respond to LG&E’s dismissal motion resulted from excusable neglect — this court will not consider it in the first instance. As we have said, the court “will not address issues on appeal that were not raised and ruled upon below,” United States v. $100,375.00 in U.S. Currency, 70 F.3d 438, 441 (6th Cir.1995) (quotation omitted), except in exceptional circumstances not presented here. And it was Allstate that *314 deprived the district court of jurisdiction to rule on the 60(b) motion by filing a notice of appeal from the underlying order during the pendency of the 60(b) motion. See SEC v. Johnston, 143 F.3d 260, 263 (6th Cir.1998) (holding that a district court does not retain jurisdiction to rale on a Rule 60(b) motion if a notice of appeal from the underlying order is filed before the court rules on the motion).
Allstate next argues for reversal on the strength of its complaint, saying that its “original Complaint properly pled negligence against LG&E.” The reply brief echoes this point, pointing to the district court’s error in not accepting Allstate’s “well-pled allegations ... as true,” the 12(b)(6) standard. As we discussed above, however, the district court disposed of LG&E’s motion under Rule 56 standards, not Rule 12(b)(6) standards. So this argument fails to account for the import of the Fendig affidavit in the court’s summary judgment decision.
Allstate’s brief goes on to criticize aspects of the district court’s opinion but in each case fails to tie the claimed deficiency to a theory entitling it to reversal. Specifically, Allstate laments that “[i]t does not appear that the [district] court considered any of Allstate’s pleadings,” but offers no further elaboration or reasoning either proving the point or even explaining how the proposition should move this court to reverse. Because Allstate failed to develop this argument in any meaningful way, it is deemed waived. See United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (“[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.” (quotation omitted)).
Second, Allstate claims that “it does not appear that the District Court considered LG&E’s Answer ... contradictfing] [LG&E’s] assertions ... in [its] Motion to Dismiss.” Allstate supports this statement with a citation to two numbered paragraphs of LG&E’s answer, leaving it to the court to attempt to discern the alleged contradiction. None is apparent. Allstate makes no attempt to develop this argument any further.
Third, Allstate contends the district court erred in “finding the [Fendig] Affidavit ... was conclusive” because “the correspondence from LG&E’s agent/representative and information from LG&E’s website further refutes LG&E’s affidavit.” But the documents Allstate points to were submitted to the court as attachments to Allstate’s motion to amend — a motion unrelated to LG&E’s motion to dismiss — and Allstate concedes that it should have filed a response instead. Allstate cites no authority for the proposition that the district court erred by not considering these attachments. And even if Allstate had attached these documents to a properly filed response, Rule 56(c) requires the district court to consider “pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any.” Allstate does not explain how its attachments qualify under any of these categories.
Upon de novo review we hold that the district court properly applied Rule 56 in dismissing the complaint. Through the Fendig affidavit, LG&E satisfied its initial burden of demonstrating the absence of a genuine issue of material fact, and Allstate failed to respond with sufficient evidence in support of its claim. See Kraft v. United States, 991 F.2d 292, 296 (6th Cir.1993); Fed.R.Civ.P. 56(e).

Waiver of Notice Argument

We note that the district court failed to notify Allstate of its intention to “treat [LG&E’s motion] as one for summary *315 judgment” by considering “matters outside the pleading” or to give Allstate “a reasonable opportunity to present all material made pertinent” by Rule 56 as required by Fed.R.Civ.P. 12(b). But the failure of the court to provide such notice is not the type of error a reviewing court must raise sua sponte. See Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984) (“[A] district court must afford the party ... ten-days notice and an adequate opportunity to respond .... The party against whom sua sponte summary judgment has improperly been entered must, however, demonstrate prejudice in order to obtain relief on appeal.” (emphasis added)); see also Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir.1998) (“Whether notice ... to the opposing party is necessary depends upon the facts and circumstances of each case.... Where one party is likely to be surprised by the proceedings, notice is required”).
Allstate raises no argument other than those set forth above. It never argues error in the failure to give notice. It does not argue surprise — nor could it, as LG&E’s motion to dismiss itself noted the likely need for the court to convert the motion to one for summary judgment in light of the submitted Fendig affidavit. Nor does Allstate argue that the absence of notice prevented it from presenting all of its evidence. Instead, Allstate admits that it failed to timely respond due to its own excusable neglect. And to compound the error, Allstate short-circuited the avenue available for avoiding the consequences of this neglect when it noticed an appeal during the pendency of the Rule 60(b) motion. In any event, Allstate’s failure to present a “lack-of-notice” argument in its appellate brief waives appellate review of the issue. See Buziashvili v. Inman, 106 F.3d 709, 719 (6th Cir.1997).
We affirm.